UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:25-CR-00010-GFVT

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

BLAKE E. ROSSI            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment charging a violation of 21 U.S.C. §841(A)(1), Possession with Intent to Distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1.

2. The essential elements of Count 2 are:

    (a) That the Defendant, did possess with intent to distribute to another person, 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, and

    (b) that Defendant did so knowingly and intentionally.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) In or around October 2024, agents with DHS received reliable information that the Defendant Rossi was a drug transporter for others. Thereafter, a pole camera was

placed on her residence in the Eastern District of Kentucky (EDKY) and a vehicle tracker was also placed on her vehicle. On or about Sunday, December 8, 2024, the vehicle tracker alerted that the vehicle was in Chicago and headed back to the EDKY. The Department of Homeland Security (DHS) contacted Kentucky State Police (KSP) to arrange a vehicle intercept. On December 9, 2024, the vehicle was identified in Shelby County, Kentucky, in the Eastern District of Kentucky, on I – 64 and officer observed her commit a traffic violation. A KSP unit activated his emergency equipment and pulled the Defendant's vehicle to the side of I – 64.

(b) The Defendant was the driver and law enforcement learned the Defendant had a suspended driver's license and no insurance. A KSP drug detection dog alerted to the positive odor of controlled substances emanating from the vehicle. KSP placed the Defendant (noncustodial) in the KSP unit. A search of the rear seat area of her vehicle commenced and the officers recovered approximately 11 kilos of suspected crystal methamphetamine in a suitcase on the back seat. Three pounds of suspected marijuana were also seized.

(c) After being advised of her rights, the Defendant stated she traveled to Chicago at the direction of another person to pick up this load of methamphetamine from others which she intended to deliver to another person in the Lexington, Kentucky area.

(d) The suspected methamphetamine was sent to the DEA lab, and the suspected methamphetamine was found to contain 9872.0 grams (9.872 kilograms) of actual methamphetamine.

4. The statutory punishment for Count 2 is imprisonment for not less than 10 years, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the above listed facts and the provided discovery material which include more than 4.5 Kilograms of actual methamphetamine.

(c) Pursuant to U.S.S.G. § 2D1.1 the United States and the Defendant agree that base offense level is 38.

(d) Pursuant to U.S.S.G. § 3B1.2(b), decrease the offense level by 2 levels for a "minor role" adjustment. Under Application Note 3(a) the parties agree that the Defendant's role in the charged offense was limited to transporting the methamphetamine.

(e) Pursuant to U.S.S.G. § 5C1.2, decrease the offense level by 2 levels as the United States agrees that Defendant has met all five criteria for the "safety valve" reduction.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the final sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a

financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should

not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. MCCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: JAN 6, 2026  By: /s/ Cynthia T. Rieker
Cynthia T. Rieker
Assistant United States Attorney

Date: 12/23/2025
Blake E. Rossi
Defendant

Date: 12/23/2025
Kathy Walton
Attorney for Defendant